Geoffrey S. Kercsmar (#020528)
gsk@klfirm.com
Gregory B. Collins (#203156)
gbc@klfirm.com
THE KERCSMAR LAW FIRM P.C.
3260 N. Hayden Road, Suite 204
Scottsdale, Arizona 85251
Telephone: (480) 421-1001

Daniel J. Noblitt (#015221)
dnoblitt@ngtechlaw.com
NOBLITT & GILMORE, LLC
4800 North Scottsdale Road, Suite 6000
Scottsdale, Arizona 85251-7630
Telephone: (480) 994-9888

Co-counsel for Plaintiff David A. Richardson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David A. Richardson, an individual, | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Stanley Works, Inc., a foreign corporation, | |
| Defendant. | |

Plaintiff David A. Richardson ("Richardson"), for his complaint against defendant Stanley Works, Inc. ("Stanley"), alleges as follows:

**PARTIES**

1.  David A. Richardson is a married man residing in the Maricopa County, Arizona. Richardson is married to Marla Richardson.

2.  Stanley is part of a conglomeration of companies publicly traded as The Stanley Works. The Stanley Works does business in at least five countries, including the

United States. The Stanley Works owns and operates Stanley and Stanley Tools Product Group, which are based in New Britain, Connecticut. Stanley does business in the State of Arizona.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over Richardson's federal claims under 27 U.S.C. § 271 and 28 U.S.C. §§ 1331 and 1338(a). Jurisdiction over the state law claims is based on 28 U.S.C. §§ 1338(b) and 1367.

4. Venue is proper in this Court under 28 U.S.C. § 1400.

**FACTUAL BACKGROUND**

5. Richardson has worked in the field of carpentry for 29 years.

6. Through his experience in carpentry, Richardson identified a need for alternatives to, and improvements for, carpentry tools such as a conventional hammer and a stud climbing tool.

7. After considerable effort by Richardson to construct a unique design for a climbing and carpentry tool, on January 9, 2004, Richardson, through his agent George W. Wasson, filed with the United States Patent and Trademark Office an application for a design patent (the "Application").

8. The Application sought a design patent for "the ornamental design for a multi function stud climbing and carpentry tool, as shown and described."

9. After a thorough examination by a patent examiner in the U.S. Patent and Trademark Office, the Application was granted by the U.S. Patent and Trademark Office on July 12, 2005, as U.S. Letter Patent No. D507,167 ("Patent No. D507,167"). A copy of Patent No. D507,167 is attached as Exhibit A.

10. After Patent No. D507,167 was issued, Richardson worked with the Kessler Corporation to design a marketing brochure seeking to license the patented design. A copy of the marketing brochure is attached as Exhibit B.

11. The marketing brochure was sent to companies that Richardson believed would be interested in selling and mass producing a product utilizing Patent No. D507,167's unique design. A copy of correspondence from Kessler Corporation to Richardson confirming transmittal of the brochure to a list of companies is attached as Exhibit C.

12. Stanley was among the companies that received Richardson's marketing brochure. *See* Exhibit C.

13. Stanley also solicits inventions via its website, www.stanleyworks.com. Stanley's website has an "Invention and Idea Portal," where inventors may submit their inventions for Stanley's consideration.

14. In failing to respond, Stanley declined Richardson's invitation to negotiate a license for the use of Patent No. D507,167.

15. Despite declining Richardson's invitation to negotiate a license for the use of Patent No. D507,167, in early 2006, Stanley began selling the FatMax Xtreme FuBar Utility Bar (the "FuBar"), which utilizes the unique design set forth in Patent No. D507,167. A copy of Stanley's website displaying the FuBar is attached as Exhibit D.

16. Stanley has advertised that one of its employees, Jimmy Anderson, developed the design for the FuBar eighteen months prior to the FuBar appearing in stores. A copy of the advertisement making this claim, which is linked to Stanley's website, is attached as Exhibit E.

17. Upon information and belief, the FuBar appeared in stores in early 2006. Crediting Mr. Anderson's statement that he developed the design for the FuBar eighteen months prior to the FuBar appearing in stores, Stanley's design for the FuBar originated at

3

least five months *after* Richardson submitted his Application and immediately after Richardson sent Stanley his marketing brochure seeking to negotiate a license for a product based on the Application.

18. Stanley has also advertised that another of its employees, Mr. Joe Martone, was the product designer of the FuBar, and that the FuBar design was a result of eight months of research and development. A copy of the article in IDonline.com making this claim, which is linked to Stanley's website, is attached as Exhibit F.

19. Notwithstanding the discrepancy as to who at Stanley designed the FuBar, or the exact dates the design was developed, the filing date of Richardson's Application precedes any development date of the FuBar design claimed by Stanley.

20. In the eye of the ordinary observer, giving attention as a purchaser usually gives, the design of the FuBar and the design set forth in Patent No. D507,167 are substantially the same, such as to deceive the ordinary observer, and causing an ordinary observer to purchase the FuBar supposing them to be the product and design set forth in Patent No. D507,167.

21. The FuBar has received Popular Science's "Best of What's New" Award.

22. The FuBar's design has been so successful that in March 2007 Stanley launched the FatMax Functional Utility Bar (the "Utility Bar"), a smaller version of the FuBar. A copy of Stanley's website displaying the Utility Bar is attached as Exhibit G.

23. In the eye of the ordinary observer, giving attention as a purchaser usually gives, the design of the Utility Bar and the design set forth in Patent No. D507,167 are substantially the same, such as to deceive the ordinary observer, and causing an ordinary observer to purchase the Utility Bar supposing it to be the product and design set forth in Patent No. D507,167.

24. In March 2008, Stanley launched yet another product under the FuBar design, namely the FatMax Xtreme FuBar III (the "FuBar III"), a larger version of the FuBar. A copy of Stanley's website displaying the FuBar III is attached as Exhibit H.

25. In the eye of the ordinary observer, giving attention as a purchaser usually gives, the design of the FuBar III and the design set forth in Patent No. D507,167 are substantially the same, such as to deceive the ordinary observer, and causing an ordinary observer to purchase the FuBar III supposing it to be the product and design set forth in Patent No. D507,167.

26. In anticipation of continued success of the FuBar design, Stanley actively markets and plans to launch the FuBar Forcible Entry Tools, available in two different sizes in July 2008. Copies of Stanley's website displaying the FuBar Forcible Entry Tools (the "FuBar Forcible Entry Tools") are attached as Exhibits I and J.

27. In the eye of the ordinary observer, giving attention as a purchaser usually gives, the design of the FuBar Forcible Entry Tools and the design set forth in Patent No. D507,167 are substantially the same, such as to deceive the ordinary observer, and causing an ordinary observer to purchase the Forcible Entry Tools supposing it to be the product and design set forth in Patent No. D507,167.

28. Richardson has been unable to license the design set forth in Patent No. D507,167 because, upon information and belief, Stanley is already selling a product that infringes on Patent No. D507,167.

29. Stanley's failure to credit Richardson with the design of the FuBar, Utility Bar, FuBar III, and the FuBar Forcible Entry Tools has misled, confused or deceived consumers and businesses. At a minimum, consumers and businesses are erroneously led to believe either that: (1) Stanley is authorized to sell Richardson's design or (2) Richardson did not invent the patented design, the FuBar, the Utility Bar, the FuBar III, and the Forcible Entry Tools.

The Kercsmar Law Firm P.C.
3260 North Hayden Road, Suite 204
Scottsdale, Arizona 85251
(480) 421-1001

## COUNT ONE

## (PATENT INFRINGMENT)

30. Richardson repeats and incorporates by reference its allegations set forth above.

31. Stanley's acts in manufacturing, selling, and offering to sell the FuBar, the Utility Bar, the FuBar III, and the Forcible Entry Tools constitute infringement of Patent No. D507,167.

32. Stanley's infringement has caused Richardson damage in excess of the jurisdictional minimums of this Court.

33. Stanley's infringement of Patent No. D507,167 is willful. This is an exceptional case under 35 U.S.C. §§ 284, 285 and the Court should award Richardson up to three times Stanley's profits derived from the infringement and award Richardson his attorneys' fees incurred bringing and prosecuting this action.

## COUNT TWO

## (COMMON LAW UNFAIR COMPETITION)

34. Richardson repeats and incorporates by reference its allegations set forth above.

35. Stanley's wrongful acts described above constitute unfair competition under the common law of the State of Arizona.

36. Stanley's acts as described above include more than patent infringement. Stanley solicits inventions via its website. Here, Stanley received an invention and informed the inventor it was not interested in the invention. Shortly thereafter, Stanley began to produce that invention, or, at the very least, a product based on that invention.

37. As a direct and proximate cause of Stanley's wrongful acts, Richardson has suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff David A. Richardson respectfully prays that this Court enter judgment against Stanley Works, Inc. as follows:

A. Finding that Stanley has infringed Plaintiff's U.S. Letters Patent No. D507,167;

B. Awarding Richardson: (1) all of Stanley's profits, gains, and advantages derived from its infringement of Patent No. D507,167 and its unfair competition, and that such sums be trebled; (2) all damages sustained by Richardson as a result of Stanley's wrongful acts, and that such damages be trebled; and (3) all of Richardson's costs in this action, including his reasonable attorneys' fees and expenses;

C. That Richardson be awarded pre- and post-judgment interest;

D. That a permanent injunction issue enjoining Stanley, its officers, agents, servants, employees, attorneys, and all of the persons in active concert of participation with it from any and all acts in infringement of Patent No. D507,16;

E. For such other and further relief to which Richardson is justly entitled.

DATED this 3rd day of June, 2008.

THE KERCSMAR LAW FIRM P.C.

By: s/Greg Collins
Geoffrey S. Kercsmar
Gregory B. Collins
3260 N. Hayden Road, Suite 204
Scottsdale, Arizona 85251

Daniel J. Noblitt
NOBLITT & GILMORE L.L.C.
4800 North Scottsdale Road, Suite 6000
Scottsdale, Arizona 85251-7630

Co-Counsel for David A. Richardson