Charles A. Struble, Bar #009860
RENAUD COOK DRURY MESAROS, PA
One North Central Avenue, Suite 900
Phoenix, Arizona 85004-4417
(602) 307-9900
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David A. Richardson, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Stanley Works, Inc., a foreign corporation,<br><br>Defendant. | No. CV-01040-PHX-NVW<br><br>**ANSWER** |

Defendant Stanley Works, Inc.. ("Stanley"), by and through counsel undersigned, for its answer to Plaintiff's Complaint, hereby admits, denies and alleges as follows:

**PARTIES**

1. Stanley alleges that it is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1 of Plaintiff's Complaint, and therefore denies same.

2. The Stanley Works, Inc. is the name under which The Stanley Works is registered to do business in Arizona, and therefore are one and the same. Stanley denies any implication that the two are separate entities, as suggested by Plaintiff's allegation that the named defendant is "part of" The Stanley Works. Stanley is a diversified worldwide supplier of tools and engineered solutions for professional, industrial, construction, do-it-yourself use, and security solutions for commercial applications. Stanley is a brand recognized around the world for

1  quality and value. Stanley does business in the United States, including Arizona, and at least
2  five other countries, with its principal executive office located at 1000 Stanley Drive, New
3  Britain, Connecticut 06053. Stanley's operations are classified into three business segments:
4  Construction and Do-It-Yourself, Industrial and Security. Stanley denies the remaining
5  averments in paragraph 2 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

7  3.  Paragraph 3 of Plaintiff's Complaint is an averments of subject matter jurisdiction
8  for which no response is required. To the extent paragraph 3 contains factual averments, they
9  are denied.

10  4.  Paragraph 4 of Plaintiff's Complaint is an allegation of venue for which no
11  response is required. To the extent paragraph 4 contains factual averments, they are denied.

## FACTUAL BACKGROUND

13  5.  Stanley alleges that it is without knowledge or information sufficient to form a
14  belief as to the truth of the averments in paragraph 5 of Plaintiff's Complaint, and therefore
15  denies same.

16  6.  Stanley alleges that it is without knowledge or information sufficient to form a
17  belief as to the truth of the averments in paragraph 6 of Plaintiff's Complaint, and therefore
18  denies same.

19  7.  Stanley alleges that it is without knowledge or information sufficient to form a
20  belief as to the truth of the averments in paragraph 7 of Plaintiff's Complaint, and therefore
21  denies same.

22  8.  Stanley alleges that it is without knowledge or information sufficient to form a
23  belief as to the truth of the averments in paragraph 8 of Plaintiff's Complaint, and therefore
24  denies same.

25  9.  Stanley admits that Exhibit A to Plaintiff's Complaint purports to be a design
26  patent naming David A. Richardson of El Mirage, Arizona, as the named inventor. Stanley

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

1  further alleges that the Attachment referenced in paragraph 9 speaks for itself. Stanley alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 9 of Plaintiff's Complaint, and therefore denies same.

   10.  Stanley alleges that it is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10 of Plaintiff's Complaint, and therefore denies same.

   11.  Stanley alleges that it is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 11 of Plaintiff's Complaint, and therefore denies same.

   12.  Stanley alleges that it is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 12 of Plaintiff's Complaint, and therefore denies same.

   13.  Stanley admits that there is an "Invention an Idea Portal" on its website for sharing of ideas so as to better meet consumers' needs, and because Stanley is committed to providing the highest quality products at the best value. Stanley asserts that the website is the best evidence of its contents. Stanley denies the remaining averments in paragraph 13 of Plaintiff's Complaint.

   14.  Stanley asserts that the issue raised in paragraph 14 of Plaintiff's Complaint is not a factual issue, but rather a legal question that requires no response. To the extent a response is required, Stanley alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 14 of Plaintiff's Complaint, and therefore denies same.

   15.  Stanley admits that it sells a product under the trademark FatMax® Xtreme™ Fubar® Utility Bar ("FuBar"), and otherwise denies the remaining averments in paragraph 15 of Plaintiff's Complaint. Stanley further alleges that the Attachment referenced in paragraph 15 speaks for itself.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 3,)                                                                          @PFDesktop\;::ODMA/MHODMA/imanage;RCD_PHX;481475;1

16. Stanley denies that the Attachment referenced in paragraph 16 of Plaintiff's Complaint indicates that Stanley advertised that Jimmy Anderson, an employee of Stanley, developed the design of the FuBar 18 months prior to the FuBar appearing in stores. Stanley further denies that the Attachment referenced in paragraph 16 is an advertisement by Stanley. Stanley further alleges that the Attachment referenced in paragraph 16 speaks for itself. Stanley denies the remaining averments therein.

17. Stanley admits that the first sale of the FuBar was in the Spring of 2006. The remaining averments contained in paragraph 17 of Plaintiff's Complaint are argumentative and require no response. To the extent that a response is required, Stanley denies the remaining averments therein.

18. Stanley admits that one or more periodicals discuss Joe Martone, an employee of Stanley, as being involved in the development of the FuBar. Stanley denies that the Attachment referenced in paragraph 18 of Plaintiff's Complaint is an advertisement by Stanley. Stanley further alleges that the Attachment referenced in paragraph 18 speaks for itself. Stanley alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 18 of Plaintiff's Complaint, and therefore denies same.

19. Stanley objects to the alleged discrepancy in paragraph 19 as argumentative and requiring no response. To the extent that any response is required, Stanley denies the averments therein.

20. Stanley denies the averments in paragraph 20 of Plaintiff's Complaint.

21. Stanley admits the averments in paragraph 21 of Plaintiff's Complaint.

22. Stanley admits that it also markets a product under the trade name FatMax® Functional Utility Bar. Stanley alleges that the Attachment referenced in paragraph 22 of Plaintiff's Complaint speaks for itself, and otherwise denies all remaining averments therein.

23. Stanley denies the averments in paragraph 23 of Plaintiff's Complaint.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 4,)                                                                                                          @PFDesktop\:::ODMA/MHODMA/imanage;RCD_PHX;481475;1

24. Stanley admits that it also markets a product under the trade name FatMax® Xtreme™ FuBar III® Utility Bar ("FuBar III") Functional Utility Bar. Stanley further alleges that the Attachment referenced in paragraph 24 speaks for itself, and otherwise denies the remaining averments therein.

25. Stanley denies the averments in paragraph 25 of Plaintiff's Complaint.

26. Stanley admits that it also plans to market a product under the trade name Stanley® FuBar® Forcible Entry Tool in two different sizes, and otherwise denies the remaining averments in paragraph 26 of Plaintiff's Complaint. Stanley alleges that the Attachments referenced in paragraph 26 speak for themselves.

27. Stanley denies the averments in paragraph 27 of Plaintiff's Complaint.

28. Stanley denies the averments in paragraph 28 of Plaintiff's Complaint.

29. Stanley denies the averments in paragraph 29 of Plaintiff's Complaint.

**COUNT ONE - PATENT INFRINGEMENT**

30. Stanley incorporates by reference the preceding paragraphs as though fully set forth herein.

31. Stanley denies the averments in paragraph 31 of Plaintiff's Complaint.

32. Stanley denies the averments in paragraph 32 of Plaintiff's Complaint.

33. Stanley denies the averments in paragraph 33 of Plaintiff's Complaint.

**COUNT TWO - UNFAIR COMPETITION**

34. Stanley submits that no response is required to Count V, as Count V is the subject of a Motion to Dismiss filed on September 10, 2008. As a precaution, to the extent any response is determined by the Court to be required, Stanley responds to paragraph 34 by repeating and incorporating by reference its responses to all averments in the paragraphs 1-33 of Plaintiff's Complaint, and responds to paragraphs 35-37 by denying all averments in those paragraphs.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 5,)                                                                                    @PFDesktop\;::ODMA/MHODMA/imanage;RCD_PHX;481475;1

1  35. Stanley denies each and every allegation of Plaintiff's Complaint not expressly
2  admitted herein.

### **AFFIRMATIVE DEFENSES**

Stanley alleges and asserts the following affirmative defenses in response to the allegations of the Complaint:

### **First Affirmative Defense**

Stanley alleges that it has not infringed any novel ornamental features of the '167 patent, either literally or under the doctrine of equivalents.

### **Second Affirmative Defense**

Stanley alleges that the ornamental design claim of the '167 patent is invalid due to, for example, lack of ornamentality under 35 U.S.C. §171 and/or obviousness under 35 U.S.C. §103.

### **Third Affirmative Defense**

Stanley alleges that Plaintiff's Unfair Competition claim (Count Two) against Stanley fails to state a claim upon which relief may be granted, and should be dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P. A Motion to Dismiss on this issue was previously filed on September 10, 2008, and is currently pending.

### **Fourth Affirmative Defense**

Stanley alleges that Plaintiff's Unfair Competition claim (Count Two) against Stanley is pre-empted by federal patent law.

### **Fifth Affirmative Defense**

Stanley alleges that its accused products were developed independently of any information allegedly provided by Plaintiff.

### **Sixth Affirmative Defense**

Stanley alleges that Plaintiff's Unfair Competition claim (Count Two) is barred or limited by his failure to mitigate.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 6,)                                @PFDesktop\:::ODMA/MHODMA/imanage;RCD_PHX;481475;1

**Seventh Affirmative Defense**

Stanley alleges that Plaintiff's Unfair Competition claim (Count Two) is barred by the doctrines of waiver and/or estoppel.

**Eighth Affirmative Defense**

Stanley alleges that Plaintiff's Unfair Competition claim (Count Two) is barred by the doctrines of laches.

**Ninth Affirmative Defense**

Stanley alleges that Plaintiff's Unfair Competition claim (Count Two) is barred by the statute of limitations, including, but not limited to, the statute of limitations as set forth in A.R.S. §12-542.

Because discovery has not begun, Stanley reserves the right to assert any other affirmative defense of which it may later become aware.

WHEREFORE, Stanley denies that Plaintiff is entitled to any of the relief requested in his Prayer for Relief. Stanley respectfully prays that this Court enter judgment against Plaintiff on all counts as follows:

A.   Finding that the accused Stanley products do not infringe U.S. Patent No. D507,167;

B.   Finding that Plaintiff's Patent No. D507,167 is invalid;

C.   Finding that this case is exceptional, and that Stanley be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. §285;

D.   Finding that Stanley is not liable for unfair competition;

E.   Finding that Stanley is entitled to its costs; and

F.   Awarding Stanley all other legal and equitable relief as the Court deems just and proper.

. . .

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 7,)   @PFDesktop\::ODMA/MHODMA/imanage;RCD_PHX;481475;1

DATED this 22nd day of September, 2008.

RENAUD COOK DRURY MESAROS, PA

By    /s/ Charles A. Struble
      Charles A. Struble
      One North Central Avenue, Suite 900
      Phoenix, Arizona 85004-4417
      *Attorneys for Defendant*

ORIGINAL of the foregoing **e-filed**
this 22nd day of September, 2008, and
a copy mailed to:

Geoffrey S. Kercsmar, Esq.
Gregory B. Collins, Esq.
THE KERCSMAR LAW FIRM, P.C.
3260 North Hayden Road, Suite 204
Scottsdale, Arizona 85251
*Attorneys for Plaintiff*

Daniel J. Noblitt, Esq.
NOBLITT & GILMORE, LLC
4800 North Scottsdale Road, Suite 6000
Scottsdale, Arizona 85251-7630
*Attorneys for Plaintiff*

/s/ Esther Gillett

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 8,)   @PFDesktop\::ODMA/MHODMA/imanage;RCD_PHX;481475;1