**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David A. Richardson, an individual,  ) | No. CV-08-1040-PHX-NVW |
| )  Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| Stanley Works, Inc., a foreign corporation,) | |
| )  Defendant. ) | |
| _____) | |

Before the court is Defendant Stanley Works, Inc.'s ("Stanley") motion to dismiss Count II of Plaintiff David A. Richardson's ("Richardson") complaint under Fed. R. Civ. P. 12(b)(6).  (Doc. # 10.)  Count I of the complaint alleges patent infringement under federal law, and Count II alleges unfair competition under Arizona common law. Specifically, Richardson alleges that he invented and received a design patent for a hammer that doubles as a step for performing overhead work.  After receiving the patent in July of 2005, Richardson submitted a marketing brochure for his invention, called a "StepClaw," to several companies, including Stanley, who he hoped would purchase the right to mass produce the product.  Stanley did not respond to his solicitation.  According to the complaint, in early 2006, Stanley began selling the "FuBar," which is a demolition tool derived from the traditional hammer.  Richardson alleges that the design of the FuBar is substantially similar to Richardson's StepClaw.  He has attached two articles, one from IDonline.com and the other from PopSci.com, that credit Stanley employees with the

1 design. Count II alleges that Richardson has been unable to license the design for the
2 StepClaw because, by selling the FuBar, Stanley erroneously leads consumers and
3 businesses to believe "either that: (1) Stanley is authorized to sell Richardson's design or
4 (2) Richardson did not invent the patented design . . . ." It further alleges that Stanley
5 engaged in unfair competition by producing his invention, or a product based on his
6 invention, after declining his solicitation to mass produce the tool.

7 The doctrine of unfair competition "encompasses several tort theories, such as
8 trademark infringement, false advertising, 'palming off,' and misappropriation." *Fairway*
9 *Constructors, Inc. v. Ahern*, 193 Ariz. 122, 124, 970 P.2d 954, 956 (Ct. App. 1998).
10 However, state unfair competition laws are preempted by federal patent law when they
11 enter "a field of regulation which the patent laws have reserved to Congress." *Summit*
12 *Mach. Tool Mfg. Corp. v. Victor CNC Sys.*, 7 F.3d 1434, 1439 (9th Cir. 1993). To avoid
13 preemption, a state unfair competition law must contain "an element not shared by the
14 federal law; an element which changes the nature of the action 'so that it is qualitatively
15 different from a copyright [or patent] infringement claim.'" *Id.* at 1439–40 (quoting
16 *Balboa Ins. Co. v. Trans Global Equities*, 218 Cal. App. 3d 1327, 1340, 267 Cal. Rptr.
17 787 (1990)) (alteration in original). For example, federal patent law does not preempt
18 claims of false advertising or "reverse palming off." *See id.* at 1442 ("State unfair
19 competition laws which seek to prevent reverse palming off are not preempted by federal
20 law."); *Twentieth Century Fox Film Corp. v. Marvel Enters.*, 155 F. Supp. 2d 1, 25
21 (S.D.N.Y. 2001) ("[C]laims that allege a false designation of origin or false advertising
22 'are not asserting rights equivalent to those protected by copyright and therefore do not
23 encounter preemption[.]'").

24 Count II does not allege false advertising or reverse palming off, as Richardson
25 contends. Richardson has provided no authority delineating the elements of a claim for
26 false advertising and he fails to show that Count II alleges each element of such a claim.
27 He focuses on Stanley's failure to credit him with the design for the FuBar, pointing to
28 two published articles that attributed conception of the FuBar to Stanley employees.

1 Those articles were not authored by Stanley and therefore cannot form the basis of a false
2 advertising claim against the company.  Count II comes closer to stating a claim for
3 reverse palming off, but is deficient in at least one very important respect.  Palming off
4 occurs where the defendant misrepresents his own goods as those of another.  Reverse
5 palming off occurs where the defendant misrepresents the goods of another as his own.
6 Richardson's allegation is that Stanley misrepresents the FuBar as its own product when
7 in fact Richardson owns the design patent for the tool.

8       That allegation fails to state a claim for reverse passing off because such claims are
9 limited to "situations of bodily appropriation."  An example of bodily appropriation
10 would be a defendant's sale of a competitor's product after physically replacing the
11 competitor's name with its own.  *Summit,* 7 F.3d at 1438, 1441–42 (citing *Shaw v.*
12 *Lindheim*, 919 F.2d 1353, 1364 (9th Cir. 1990)).  Count II does not allege any bodily
13 appropriation of Richardson's product.  It simply seeks damages for Stanley's sale of a
14 product for which Richardson claims to own the design.  That is nothing more than a
15 patent claim.  If Arizona law recognizes such an unfair competition claim, it is preempted
16 because it would enable patent-like protection for unpatented articles.  *Id.* at 1439
17 ("Where state law offers 'patent-like protection for ideas deemed unprotected under the
18 present federal scheme, [state law] conflicts with the strong federal policy favoring free
19 competition in ideas.'") (alteration in original); *cf. Dastar Corp. v. Twentieth Century Fox*
20 *Film Corp.*, 539 U.S. 23, 34 (2003) ("[A]llowing a cause of action under § 43(a) for
21 [representing oneself to be the originator of creative content] would create a species of
22 mutant copyright law that limits the public's 'federal right to copy and to use,' expired
23 copyrights.").

24       No alleged confusion among consumers or businesses resulting from Stanley's sale
25 of the FuBar changes this conclusion.  "The consumer who buys a branded product does
26 not automatically assume that the brand-name company is the same entity that came up
27 with the idea for the product, or designed the product—and typically does not care
28 whether it is."  *Dastar*, 539 U.S. at 32.  It is the patent laws, not unfair competition laws,

1 that enable Richardson to prove to potential licensees that he owns the design for the tool.
2 "[F]ederal patent laws prevent a state from prohibiting the copying and selling of
3 unpatented articles and the fact that confusion may exist concerning the maker of an
4 article does not provide grounds for an exception to this rule." *Kaibab Shop v. Desert*
5 *Son, Inc.*, 135 Ariz. 487, 489, 662 P.2d 452, 454 (Ct. App. 1982) (explaining *Sears,*
6 *Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225 (1964) and *Compco Corp. v. Day-Brite*
7 *Lighting, Inc.*, 376 U.S. 234 (1964)).

8     The common law of unfair competition aims to prevent conduct that is "contrary to
9 honest practice in industrial or commercial matters." *Fairway*, 193 Ariz. at 124, 970 P.2d
10 at 956 (quoting *Am. Heritage Life Ins. Co. v. Heritage Life Ins. Co.*, 494 F.2d 3, 14 (5th
11 Cir. 1974)).  The nexus of Richardson's unfair competition claim is that Stanley acted
12 dishonestly by misappropriating his design and manufacturing a similar product for itself.
13 "[A]n unfair competition action for misappropriation of time and effort is [only]
14 cognizable if the claim contains an extra element which changes its nature" to something
15 different from a patent claim. *Summit*, 7 F.3d at 1439.  Count II of Richardson's
16 complaint does not contain any extra element and is therefore preempted.

17     It is apparent from Richardson's briefs that he cannot amend his Count II to escape
18 federal preemption.  Therefore, that Count will be dismissed with prejudice.

19     IT IS THEREFORE ORDERED that Defendant Stanley Works, Inc.'s motion to
20 dismiss Count II (Doc. # 10) is granted.

21     IT IS FURTHER ORDERED that Count II of Plaintiff's Complaint (Common Law
22 Unfair Competition) is dismissed with prejudice.

23     DATED this 6th day of November, 2008.

_____
Neil V. Wake
United States District Judge