**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David A. Richardson, an individual, ) | No. CV-08-1040-PHX-NVW |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Stanley Works, Inc., a foreign corporation, ) | |
| Defendant. ) | |

The Court has before it Defendant's Motion to Strike Plaintiff's Jury Demand (doc. # 29) and Plaintiff's Rule 39(b) Motion for Jury Trial (doc. # 35). For the reasons set forth below, Defendant's motion will be granted and Plaintiff's motion will be denied.

**I.    Background**

Plaintiff David A. Richardson ("Richardson") filed a complaint against Defendant The Stanley Works, Inc. ("Stanley") on June 3, 2008, alleging one count of design patent infringement and one count of common law unfair competition. (Doc. # 1.) He did not request a jury trial in his complaint. Stanley filed a motion to dismiss Richardson's unfair competition claim on September 10, 2008. (Doc. # 10.) Shortly thereafter, on September 22, 2008, Stanley filed an answer to both the unfair competition claim and the patent infringement claim. (Doc. # 12.) A month after Stanley filed its answer, on October 22, 2008, Richardson filed a jury demand. (Doc. # 25.) The Court granted Stanley's motion to dismiss Richardson's unfair competition claim on November 6, 2008. (Doc. # 32.)

## II. Analysis

### A.   Plaintiff's Motion for Jury Trial was Not Timely

If a party wishes try an issue to a jury, it must serve a jury demand "not later than 10 days after the service of the last pleading directed to such issue." Fed. R. Civ. P. 38(b). "'Issue,' as used in Rule 38(b), means an issue of fact, and such an issue is not fully developed until all parties have denied, admitted or claimed a lack of knowledge as to allegations relating thereto." *Bentler v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 959 F.2d 138, 141 (9th Cir. 1992) (citing *Trixler Brokerage Co. v. Ralston Purina Co.*, 505 F.2d 1045, 1050 (9th Cir. 1974)). The rule "permits a party to postpone decision on whether or not to demand a trial by jury until after the issues to be submitted to the jury have been finally framed by the pleadings." *Dasho v. Susquehanna Corp.*, 461 F.2d 11, 22 (7th Cir. 1972).

Richardson's jury demand in this case is untimely. Stanley denied, admitted, or claimed a lack of knowledge of all factual issues in the complaint on September 22, 2008. Any jury demand as to those issues was therefore due by October 9, but Richardson did not file his demand until October 22. It does not matter that Stanley's motion to dismiss was pending at the time Richardson filed his jury demand. A motion to dismiss only tolls the time for a defendant to file an answer. Rule 12(a)(4). If a defendant chooses not to file an answer until the court rules on its motion to dismiss, the pleadings remain open and the time to demand a jury trial under Rule 38(b) does not begin to run. Here, however, Stanley chose to answer all of the factual issues in the complaint before the court ruled on its motion to dismiss.

A motion to dismiss does not by itself toll the time to demand a jury trial because such a motion is not a pleading directed to issues of fact triable by the jury. *See* Rule 7(a) (listing the acceptable types of pleadings in federal cases); *United States v. Anderson*, 584 F.2d 369, 372 n. 4 (10th Cir. 1978) ("The motion of the Government to dismiss the counterclaim was not a pleading within the definitions used by the federal rules."). "A Rule 12(b)(6) motion tests the *legal* sufficiency of a claim." *Navarro v. Block*, 250 F.3d

1 729, 732 (9th Cir. 2001) (emphasis added). For the purposes of such a motion, the factual
2 allegations in the complaint are accepted as true and all reasonable inferences from those
3 allegations are construed in the light most favorable to the plaintiff. *Id.* (citing *Cahill v.
4 Liberty Mut. Ins. Co.,* 80 F.3d 336, 338 (9th Cir. 1996). Furthermore, even if a court
5 grants a motion to dismiss and the plaintiff amends its complaint, the amendment will not
6 revive the right to request a jury trial unless there is a "significant difference in the facts
7 necessary to support [the original and any newly added] claims." *Cal. Scents v. Surco
8 Prods.*, 406 F.3d 1102, 1106 (9th Cir. 2005) (quoting *Lutz v. Glendale Union High Sch.*,
9 403 F.3d 1061, 1066 (9th Cir. 2005)). Therefore, where the defendant has answered all of
10 the factual allegations of the complaint, the mere fact that a motion to dismiss is pending
11 does not toll the time to file a jury demand.

12 Richardson cites no authority to the contrary. In *Dasho v. Susquehanna Corp.*,
13 461 F.2d 11, 22 (7th Cir. 1972), after the defendant served its answer, the plaintiffs
14 promptly filed a motion to strike portions of that answer. Unlike a motion to dismiss, a
15 motion to strike can attack "any redundant, immaterial, impertinent, or scandalous
16 matter." Rule 12(f). The court noted that the motion to strike "raised substantial
17 questions" and that the trial court had "granted plaintiffs leave to file a reply" to the
18 defendant's answer. *Dasho*, 461 F.2d at 22. The plaintiff included a jury demand with its
19 reply, which was directed to the same factual issues as the answer. *Id.* A reply to an
20 answer is a pleading under Rule 7(a). The court therefore concluded that the plaintiff's
21 jury demand was timely. *Id.* In this case, no motion to strike has been filed and the court
22 has not granted Richardson leave to file a reply to Stanley's answer. *Dasho* is therefore
23 inapposite.

24 Similarly, Richardson cannot rely on *United States v. Anderson*, 584 F.2d 369
25 (10th Cir. 1978). The plaintiff in that case made a timely jury demand because it served
26 the demand before answering the defendant's counterclaim. *Id.* at 372 & n.4 ("Rule 7(a)
27 defines pleadings as including a reply to a counterclaim, but none was filed."); *Bentler*,
28 959 F.2d at 141 (citing *Anderson* for the proposition that "where a defendant files with its

- 3 -

1 answer a counterclaim that involves the same factual issues as the plaintiff's complaint, a
2 plaintiff's jury demand served within 10 days of its reply is timely as to both the
3 counterclaim *and the original claim*."). Stanley did not assert a counterclaim against
4 Richardson. Stanley's answer was the last pleading "directed to any issue triable of right
5 by a jury" in this case. Rule 38(b). Accordingly, Richardson's jury demand was
6 untimely because he served it more than ten days after Stanley served him with its
7 answer.

**B.      Plaintiff's Alternative Motion for Jury Trial Under Rule 39(b) is Denied**

9        "[T]he court may, on motion, order a jury trial on any issue for which a jury might
10 have been demanded." Rule 39(b). A district court's discretion under Rule 39(b) is
11 narrow and "does not permit a court to grant relief when the failure to make a timely
12 demand results from an oversight or inadvertence." *Pac. Fisheries Corp. v. HIH Cas. &*
13 *Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001). Richardson contends that the
14 tardiness of his jury demand was not due to oversight or inadvertence, but rather his
15 reliance upon *Dasho* and *Anderson*, discussed above. Richardson has provided no reason
16 to believe that his counsel's reliance on those cases, rather than some other inadvertence,
17 caused him to put off filing his jury demand. More importantly, misreading that authority
18 to hold that a motion to dismiss tolls the time to file a jury demand is nothing more than a
19 rudimentary mistake of law. "A good faith mistake of law is no different than
20 inadvertence or oversight. Therefore, an untimely jury demand due to legal mistake does
21 not broaden the district court's narrow discretion to grant the demand." *Id.* at 1003;
22 *accord Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1086–87 (9th Cir. 2002) ("[A]
23 good faith mistake as to the deadline for demanding a jury trial establishes no more than
24 inadvertence, which is not a sufficient basis to grant relief from an untimely jury
25 demand.").

26        Richardson further misreads *Daniel International Corp. v. Fishbach & Moore,*
27 *Inc.*, 916 F.2d 1061 (5th Cir. 1990), to hold that misreading authority is more than mere
28 inadvertence. The court in *Daniel* did not hold that reliance on inapposite authority is

- 4 -

grounds to grant a Rule 39(b) motion. Rather, the defendant in that case was entitled to a jury trial, despite having filed its demand four months late, because it had relied on the actions of the trial court and the plaintiff. *Id.* at 1066 ("[M]uch more than F & M's inadvertence was present here. It is the actions of Daniel and the court which weigh so heavily in our Rule 39(b) calculus."). The trial court had granted the defendant's motion and had placed the case on the jury trial calendar, and the plaintiff had failed to object for more than a year. *Id.* at 1064–65. No such facts are present in this case.

IT IS THEREFORE ORDERED that Defendant's Motion to Strike Plaintiff's Jury Demand (doc. # 29) is granted.

IT IS FURTHER ORDERED that Plaintiff's Alternative Motion for Jury Trial Under Rule 39(b) (doc. #35) is denied.

DATED this 13th day of February, 2009.

Neil V. Wake
United States District Judge